NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0469-15T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

OMAR SHAHEER THOMAS,

 Defendant-Appellant.
______________________________

 Submitted January 24, 2017 – Decided June 29, 2017

 Before Judges Reisner and Sumners.

 On appeal from Superior Court of New Jersey,
 Law Division, Morris County, Indictment Nos.
 04-02-0173, 04-02-0174, and 04-02-0175.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (William Welaj, Designated
 Counsel, on the brief).

 Fredric M. Knapp, Morris County Prosecutor,
 attorney for respondent (John McNamara, Jr.,
 Supervising Assistant Prosecutor, of counsel
 and on the brief).

PER CURIAM

 Defendant Omar Shaheer Thomas appeals from a May 6, 2015

order denying his petition for post-conviction relief (PCR)

without an evidentiary hearing. Defendant argues on appeal:
 POINT I

 THE TRIAL COURT ERRED IN DENYING THE
 DEFENDANT'S PETITION FOR POST CONVICTION
 RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY
 HEARING TO FULLY ADDRESS HIS CONTENTION THAT
 HE FAILED TO RECEIVE ADEQUATE LEGAL
 REPRESENTTION AT THE TRIAL LEVEL.

 A. THE PREVAILING LEGAL PRINCIPLES REGARDING
 CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL,
 EVIDENTIARY HEARINGS AND PETITIONS FOR POST
 CONVICTION RELIEF.

 B. TRIAL COUNSEL DID NOT ADEQUATELY
 REPRESENT THE DEFENDANT ARISING OUT OF
 COUNSELS' FAILURE TO THOROUGHLY DISCUSS WITH
 HIM ALL RELEVANT RAMIFICATIONS ASSOCIATED
 WITH THE DECISION WHETHER OR NOT TO TESTIFY,
 AS A RESULT OF WHICH HE DID NOT TESTIFY IN
 HIS OWN DEFENSE AT TRIAL.

 C. THE DEFENDANT DID NOT RECEIVE ADEQUATE
 LEGAL REPRESENTATION FROM TRIAL COUNSEL AS
 A RESULT OF THE FAILURE OF THE DEFENDANT TO
 TESTIFY AT THE MIRANDA HEARING DUE TO
 COUNSEL'S COERCION.

 For the reasons that follow, we affirm.

 The procedural history and trial evidence are detailed in our

eighty-nine page opinion affirming defendant's convictions for

robbery and unlawful possession of a weapon for an unlawful purpose

on direct appeal, and remanding for merger of weapons offenses.

State v. Thomas, A-3347-08 (App. Div. April 19), certif. denied,

216 N.J. 86 (2013). A brief summary will suffice here.

 2 A-0469-15T3
 Prior to the trial, Judge Salem Vincent Ahto conducted a

seventeen-day Miranda1 hearing and denied defendant's motion to

suppress his statement. Both our court and our Supreme Court

denied defendant's motion for leave to file an interlocutory

appeal.2 After a twenty-nine day trial, the jury found defendant

guilty of two counts of first-degree murder and related offenses

committed during an armed robbery of a computer-game retail store.

Judge Ahto sentenced defendant to two consecutive terms of life

imprisonment without parole eligibility for each murder

conviction, consecutive to an eighteen-year term of imprisonment,

subject to eighty-five percent parole ineligibility pursuant to

the No Early Release Act, N.J.S.A. 2C:43-7.2.

 Defendant filed a PCR petition alleging that trial counsel3

was ineffective for coercing him in waiving his right to testify

at the motion to suppress hearing and at trial, and appellate

1
 Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d
694 (1966).
2
 Defendant's subsequent motion for reconsideration of the motion
to suppress was denied by Judge Ahto.
3
 Defendant was represented by two attorneys throughout the
proceedings, but did not specify which one, or that both were
ineffective.

 3 A-0469-15T3
counsel failed to raise the issue on direct appeal.4 On May 6,

2015, Judge Ahto entered an order denying PCR relief without an

evidentiary hearing.

 In his oral decision, the judge found that defendant failed

to meet the requirements of Strickland v. Washington, 466 U.S.

668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984), and

adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58

(1987), to establish a prima facie case of ineffective assistance

of counsel, and therefore was not entitled to an evidentiary

hearing. Judge Ahto noted that defendant did not certify what

facts he would have presented through his testimony that would

have altered the outcome of the trial. The judge cited the trial

transcript where he advised defendant of his right to testify, and

that defendant unequivocally exercised his right to remain silent.

The judge recalled that, even though defendant was told on multiple

occasions at trial he had the right to testify, at no time did he

"either by word or gesture indicate that he had a desire to

testify."

 The judge further reasoned that counsel's decision not to

call defendant as a witness at the Miranda hearing or trial was

4
 Defendant initially filed a pro se PCR petition that was
determined to be deficient. After defendant was appointed counsel,
an amended petition was filed to correct the deficiencies.

 4 A-0469-15T3
strategic. If defendant had testified, he would have been cross-

examined regarding his inculpatory statements to police. In

addition, defendant's contacts with the victims, the crime scene,

and his co-defendants, would have been fodder for questioning and

would have plausibly connected him to the crime. Also, defendant's

credibility would have been further attacked based upon his prior

criminal record.

 Because there was no merit to the claim that trial counsel

was ineffective for allegedly coercing defendant to waive his

right to testify at the Miranda hearing and at trial, Judge Ahto

found that appellate counsel was not ineffective for raising a

meritless claim.

 Our examination of defendant's claims and review of the record

convinces us that defendant was not denied effective assistance

of trial counsel or appellate counsel, and there was no need for

an evidentiary hearing. We affirm substantially for the reasons

set forth in Judge Ahto's well-reasoned oral decision. We only

add that defendant's failure to present any competent evidence in

the form of a certification as to the substance of his potential

testimony rendered his PCR allegations nothing more than "bald

assertions," which fall short of establishing a prima facie claim

of ineffective assistance. See State v. Cummings, 321 N.J. Super.

154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999).

 5 A-0469-15T3
Affirmed.

 6 A-0469-15T3